**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| MARIELLA CREAGHAN, |
|      Plaintiff |
|   v. |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, |
|      Defendants. |

Civil Action No. 22-0981 (CKK)

**MEMORANDUM OPINION**
(May 26, 2022)

On September 3, 2021, the Secretary of the Air Force added a medical requirement for all members of the Air Force and Space Force, vaccination against COVID-19. Plaintiff, a Captain in the Space Force, requested a religious exemption from this medical requirement, alleging that it substantially burdened her religious beliefs. Although Space Force and Air Force leadership agreed that the medical requirement substantially burdened her beliefs, they denied her request for an exemption, concluding that the medical requirement is the least restrictive means to further the military's interest in Plaintiff's health specifically and force readiness more broadly. Plaintiff disagrees, and moved for a preliminary injunction in this Court, claiming that enforcing the medical requirement would violate: (1) the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*; (2) the First Amendment; and (3) the Fifth Amendment. On May 12, 2022, the Court denied Plaintiff's request for preliminary relief. The Court concluded that Plaintiff was not likely to succeed on the merits, did not show impending, irreparable harm, and that the balance of the equities weighed against a preliminary injunction. Presently pending before the Court is Plaintiff's [29] Motion for Injunction Pending Appeal of the Court's order denying

1

preliminary relief.  Upon consideration of the briefing, [1] the relevant legal authorities, and the entire record, the Court shall **DENY** Plaintiff's [29] Motion.

## I.   BACKGROUND

For a more detailed background on this case, the Court refers the reader to its [27] Memorandum Opinion.  The medical requirement at issue in this case was first made applicable to Plaintiff's branch of service on September 3, 2021.  *Creaghan v. Austin*, 2022 WL 1500544, at *2 (D.D.C. May 12, 2022).  On December 7, 2021, the Secretary of the Air Force issued an order providing for "medical, religious[,] or administrative exemptions," and temporarily exempted servicemembers from discharge or adverse action while exemption requests were pending.  *Id.* The recognition of these exemptions was largely perfunctory, as requests for COVID-19 vaccination exemptions are governed by the same rules and regulations, active since 2018, that govern all other requests for exemptions from other vaccinations.  *Id.*  As of April 26, 2022, the Air Force has granted 460 medical exemptions (including seven for Space Force Guardians), and 41 religious exemptions.  *Creaghan*, 2022 WL 1500544, at *2.

Plaintiff's request for an exemption went through six levels of review:  (1) Plaintiff's first-, second-, and third-level commanding officers; (2) a five-member, interdisciplinary "Religious Resolution Team" ("RRT"); (3) the commanding general of the Space Force, Lt. Gen. Stephen Whiting; and (4) the Surgeon General of the Air Force, Lt. Gen. Robert Miller.  *Id.* at

---

[1] The Court's consideration has focused on the following:
- Plaintiff's Motion for Injunction Pending Appeal ("Mot."), ECF No. 29;
- Defendants' Opposition to Plaintiff's Motion for an Injunction Pending Appeal ("Opp."), ECF No. 32; and
- Plaintiff's Reply in Support of Plaintiff's Motion for an Injunction Pending Appeal ("Repl."), ECF No. 33.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision.  *See* LCvR 7(f).

\*3-4.  Although the first two levels of review recommended granting Plaintiff's request, the final

four opted for denial.  *Id.*  In its report recommending denial, the RRT made a number of findings

to guide Lieutenant General Whiting in his ultimate decision.  First, the RRT noted that, as a

Captain assigned to the Space Force's National Reconnaissance Office ("NRO"), Plaintiff "is

responsible for directing daily operations and maintenance for NRO space and ground systems

and assuring overall spacecraft health and mission success."  ECF No. 22-13 at 63.  The RRT

noted that, although Plaintiff is currently "in a non-deployable position," she may have to travel

in the future.  *Id.*  The report found that NRO "[p]ersonnel are required to take a COVID test

every 7 days."  The RRT further found that "[v]accines are an integral part of force health

protection measures" and assure servicemembers' "responsibility to maintain their health and

fitness, meet individual medical readiness requirements, and report medical and health issues that

may affect their readiness to deploy or fitness to continuing serving" in their assigned role.  *See*

*id.* at 66.  Finally, it found that "vaccination remains the best way to protect individuals, their

families, and the community."  *Id.* at 67.

Per the RRT's report, and on his own independent judgment, Lieutenant General Whiting

found that for "a Mission Director responsible for directing daily operations and maintenance for

NRO space and ground systems, and ensuring overall spacecraft health and mission success,"

vaccination was the least restrictive means to accomplish the military's interest in Plaintiff's

health and readiness specifically.  *Creaghan*, 2022 WL 1500544, at \*4.  The Surgeon General of

the Air Force agreed.  *Id.*  The Surgeon General attached supporting documentation in which the

Air Force found that "personnel are much less likely to develop severe disease, be hospitalized,

or die as a result of being vaccinated."  ECF No. 22-13 at 105.  The Air Force also concluded

that there was no superior health measure to combat COVID-19 among Airmen and Guardians, including perpetual masking.  *Id.* at 106.

In its Memorandum Opinion denying Plaintiff's [11] Motion for Temporary Restraining and/or Preliminary Injunction, the Court incorporated its legal reasoning in *Navy SEAL v. Austin*, 2022 WL 1294486 (D.D.C. Apr. 29, 2022).  *Creaghan*, 2022 WL 1500544, at *5.  In so doing, the Court concluded broadly that Plaintiff was unlikely to succeed on the merits of any of her claims, did not show impending, irreparable harm, and the balance of the equities weighed against preliminary relief.  *See id.* at *1.  In dicta, the Court was concerned that a challenge to a military vaccination order may not be justiciable, either because such an order involves nonjusticiable review of discretionary military judgments or because such an order involves nonjusticiable review of scientific and medical judgments textually committed to another branch of government.  *Id.* at *5-6.  Even if the question were justiciable, the Court opined that it is more likely than not that Defendants have a compelling government interest in vaccinating Plaintiff specifically and that vaccination is the least restrictive means to protect Plaintiff against the adverse effects of COVID-19 infection.  *Id.* at *7-10.  Additionally, having incorporating *Navy SEAL*, the Court concluded that binding Supreme Court precedent extends only rational basis review to Plaintiff's constitutional claims.  *See Navy SEAL*, 2022 WL 1294486, at *13-14.  Plaintiff firmly disagrees with the Court, having filed the instant motion for a stay pending appeal.  With that motion fully briefed, the Court turns to its resolution.

## II.    LEGAL STANDARD

A party that moves for a stay pending appeal bears the burden of showing that the balance of four factors weighs in favor of the stay:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the

prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).  A stay pending appeal, like a preliminary injunction, is "an extraordinary remedy."  *Id.* at 978. "[W]here a plaintiff cannot show a likelihood of success on the merits, 'it would take a very strong showing with respect to the other preliminary injunction factors to the turn tide in plaintiff's favor.'"  *Al-Anzi v. Bush*, 370 F. Supp. 2d 188, 193 (D.D.C. 2005) (quoting *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 366-67 (D.C. Cir. 1999)).

### III.    DISCUSSION

For the reasons already stated in the Court's [27] Memorandum Opinion, Plaintiff is unlikely to succeed on the merits.  To prevail on appeal, Plaintiff would have to make a number of showings.  First, Plaintiff would have to convince the Court of Appeals that neither of the justiciability doctrines the Court identified apply in this case.  Even if she did so, she would then have to show that Defendants do not have a compelling interest in her health and readiness or, even so, that vaccination is not the narrowest means to secure that interest.  This is a heavy burden to carry.

In her instant Motion, Plaintiff mainly argues that the Court misapprehended RFRA's legal standard and that, had it properly applied RFRA, the Court ought to have concluded that Plaintiff was likely to succeed on her RFRA claim.  Not so.  As an initial matter, Plaintiff repeats her argument that the Court incorrectly surmised in *Navy SEAL* that the military's scientific and medical judgments should receive some level of regard in determining whether a particular medical requirement is in fact narrowly tailored.  Repl. at 5.  Even if the military's scientific and medical judgments are due no regard at all in this type of case, Plaintiff would still be unlikely to succeed on the merits of her RFRA claim.  *See Roth v. Austin*, 2022 WL 1568830, at *20-24 (D.

Neb. May 18, 2022) (disagreeing with the Court's tentative opinion that military, scientific

judgments are entitled to due regard in assessing whether a military order is narrowly tailored but

holding that Airmen were unlikely to succeed on RFRA claims for vaccination exemptions).  As

the Court already explained, and as *Roth*, for example, agreed in considering this Court's [27]

Memorandum Opinion, by "logic alone," the "military's general compelling interest in ensuring

the health of its servicemembers [likely] distill[s] to a compelling interest in ensuring that

Plaintiff remains healthy enough to accomplish her duties."  *Creaghan*, 2022 WL 1500544, at

*9; *accord Roth*, 2022 WL 1568830 at *20-21.  As already noted, that Plaintiff claims she works

in close proximity to unvaccinated federal contractors is either immaterial or even more reason

for the military to require her vaccination.  *See Creaghan*, 2022 WL 1500544, at *10 & n.8.

Similarly, as this Court concluded in *Navy SEAL* and repeated in *Creaghan*, *Roth*

concluded on a very similar record that the military adequately showed that vaccination is "the

least restrictive means to accomplish its compelling interest"—even extending the military no

deference whatsoever.  2022 WL 1568830 at *27.  The record shows that the Air Force

considered alternatives to vaccination and rejected all of them as insufficient.  For example,

Colonel James R. Poel, Chief of Public Health at the Air Force Medical Readiness Agency,

explains in his declaration how masking, temperature tests, testing, natural immunity, social

distancing, herd immunity, and increased sanitation are all insufficient compared to vaccination.

*See generally* ECF No. 22-8.  Contrary to Plaintiff's understanding of the record, the Air Force

also considered a number of those alternatives when reviewing Plaintiff's request specifically

and rejected them.  For example, the medical expert on Plaintiff's RRT wrote that they were

"unaware of any consistent scientific data documenting a less restrictive means than vaccination

which is capable of meeting the government's compelling interest to protect the health and safety

of Airmen and Guardians." ECF No. 22-13 at 100. Another team member concluded that "[l]ess restrictive means including social distancing, mask wearing, and/or increased COVID-19 testing cannot be used to meet the compelling government interest." *Id.* at 99. In denying Plaintiff's appeal, Lieutenant General Miller attached Air Force medical research illustrating that masks, prior infection, increased testing, social distancing, and social isolation are all inferior to vaccination. *Id.* at 104-10. As in *Navy SEAL*, the Court was "not inclined to conclude at this early stage of the case that the military's scientific and medical conclusions, which rest on the great weight of scientific authority, should be rejected." *See* 2022 WL 1294486, at *11; *accord Roth*, 2022 WL 1568830, at *22.

For the proposition that the military should receive no deference in its factual conclusions, Plaintiff now relies on *Ramirez v. Collier*, 142 S. Ct. 1264 (2022) and *Holt v. Hobbs*, 574 U.S. 352 (2015). Those cases dealt with religious exemption requests in *prisons*; both decisions are entirely silent as to the military context. As the Court explained, "'context is important'" and the military situation is unique given the long line of Supreme Court precedent cautioning against intervention in military affairs. *Creaghan*, 2022 WL 1500544, at *8 (quoting *Navy SEAL*, 2022 WL 1294486); *see also Austin v. U.S. Navy Seals 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring). In consideration of this precedent, and in light of RFRA's legislative history indicating that Congress did not intend RFRA to "adversely impair the ability of the U.S. military to maintain good order, discipline, and security," S. Rep. No. 103-111 at 12, the Court joined at least two other district courts in concluding that the military's scientific determinations are due at least some weight in judicial review of a military RFRA claim. *See, e.g.*, *Short v. Berger*, 2022 WL 1051852, at *7 n.12 (C.D. Cal. Mar. 3, 2022); *Poffenbarger v. Kendall*, --- F. Supp. 3d ---, 2022 WL 594810, at *18 (S.D. Ohio Feb. 28, 2022). Even then, the

level of deference, the Court opined, that may be due is much more akin to the Supreme Court's conclusion in *Holt* that "courts should respect th[e] expertise" of prison officials in reviewing a denial of a request for a religious exemption. *See* 574 U.S. at 364.

To the extent that Plaintiff complains that the reviewing authorities did not sufficiently address *her* circumstances, *see* Repl. at 6-7, the Court has already explained that the record shows otherwise, *see Creaghan*, 2022 WL 1500544 at *10 (listing a number of findings individual to Plaintiff in the record).[2] In any event, RFRA states solely that a substantial burden on a "person's exercise of religion" is justified only if it is in furtherance of a compelling government interest and is narrowly tailored. 42 U.S.C. §2000bb-1(b). The Court did not read the statute to impose any investigatory requirements on the government *ab initio* and Plaintiff cites no authority for such a proposition.

As to irreparable harm, Plaintiff again mainly relies on the likely incorrect proposition that a likely RFRA violation is *per se* irreparable harm. Mot. at 10. To be sure, the Tenth Circuit held as much in *Hobby Lobby Stores, Inc. v. Seblius*, 723 F.3d 1114, 1146 (2013), but that is not the law of this Circuit. As the Court has explained, only by showing a likely "deprivation of *constitutional*[, not merely statutory,] rights" does a plaintiff show irreparable harm. *Navy SEAL*, 2022 WL 1294486, at *16 (quoting *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 334 (D.C. Cir. 2018)). In any event, even if the Court were to adopt the Tenth Circuit's approach, Plaintiff has not shown a likelihood of success on her RFRA claim, and therefore has not shown a likelihood of irreparable harm under Tenth Circuit law.

---

[2] Plaintiff also briefly suggests that an evidentiary hearing on Plaintiff's motion for preliminary relief might have been warranted. This is the first time Plaintiff has raised the issue and, as Plaintiff states, "there are no conflicting facts in the record." *See* Mot. at 7. The Court stresses that it did not make factual findings or resolve factual disputes in its [27] Memorandum Opinion. It solely made a limited number of broad legal conclusions.

Finally, as to the balance of the equities, the Court reiterates that any invocation of a "religious liberty interest is . . . always weighty." *Navy SEAL*, 2022 WL 1294486, at *17. Nevertheless, the Court joins other courts in concluding that the military's "interest in preventing COVID-19 from impairing the readiness and the health of its forces, including individual service members like Plaintiff[], is in the public interest." *See, e.g.*, *Roth*, 2022 WL 1568830, at *31. Particularly given the weakness of Plaintiff's case on the merits, an injunction pending appeal would harm that public interest.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Injunction Pending Appeal is **DENIED**.  An appropriate order accompanies this memorandum opinion.

Dated: May 26, 2022

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge